IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3066-FL

| | |
|---|---|
| ABDU-SALIM GOULD, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )      ORDER<br>) |
| BERTIE COUNTY and BERTIE MARTIN REGIONAL JAIL, | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to amend his complaint (DE 9, 14, 15) and motion for equitable tolling (DE 12). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motions to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his first motion to amend before defendants filed a responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive pleading. Thus, plaintiff's first motion to amend is ALLOWED as a matter of course. Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013). Because the court DIRECTS plaintiff

infra to amend his complaint to comply with Federal Rule of Civil Procedure 8, plaintiff's remaining motions to amend and motion for equitable tolling are DENIED as MOOT.[1]

The court now turns to its frivolity review of plaintiff's action. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

As an initial matter, plaintiff brings this action against the Bertie Martin Regional Jail. "Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Preval v. Reno, No. 99-6950, 2000 WL 20591,*1 (4th Cir. Jan. 13, 2000); Brooks v. Pembroke City Jail,

---

[1] Plaintiff may briefly set forth his grounds for equitable tolling in his amended complaint.

722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Therefore, plaintiff's claims against the Bertie Martin Regional Jail are DISMISSED as frivolous.

As for the remainder of plaintiff's action, plaintiff filed his complaint on March 3, 2014, and subsequently filed four letters, three motions to amend, and a motion for equitable tolling. Plaintiff's filings are over three hundred (300) pages in length, and are difficult to follow. The court is unsure what specific claims plaintiff is attempting to make and how defendants violated his constitutional rights. As a result, the complaint violates Rule 8 of the Federal Rules of Civil Procedure. This rule provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

The court must liberally construe the filings of *pro se* litigants. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, there are limits to which the court may go in dealing with such filings. See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) ("[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy."); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits."). Plaintiff has breached those barriers. The court understands that " '[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters.' " Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346-47 (4th Cir. 2005) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at 240-41 (3d ed. 2004)).

3

However, plaintiff's filings are so confusing that the court cannot put the matter into a manageable form to make the requisite determinations.

Generally, a court may not dismiss a claim pursuant to Rule 8 without first providing the plaintiff an opportunity to amend his complaint. See Owens v. Hunt, No. 98-7008, 1998 WL 781037, *1 (4th Cir. Nov. 10, 1998). Accordingly, the court provides plaintiff twenty-one (21) days from the date of this order to file one amended complaint. Any amended complaint should state precisely whom plaintiff seeks to name as defendants and avoid unnecessary details. Plaintiff should briefly mention the specific events and correlating dates which are the basis for suit and the constitutional rights violated. Plaintiff is notified that the court must focus on how the events proffered by plaintiff affected him, specifically the injury he sustained, and by whom it was inflicted. Any amended complaint must be shorter and clearer than the existing complaint and supporting memorandum. This amended complaint will be considered the complaint in its entirety.

In summary, plaintiff's claims against the Bertie Martin Regional Jail are DISMISSED as frivolous. Plaintiff's first motion to amend (DE 9) is GRANTED, but his remaining motions to amend (DE 14, 15) and motion for equitable tolling (DE 12) are DENIED as MOOT. Plaintiff must file his amended complaint within twenty-one (21) days of the date of this order. Plaintiff further is notified that if he does not file an amended complaint which complies with Rule 8 within the time frame provided, the court will dismiss this lawsuit without prejudice. Plaintiff likewise is warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice. The Clerk of Court is DIRECTED to provide plaintiff with the form necessary to file his amended complaint.

SO ORDERED, this the 5th day of August, 2014.

LOUISE W. FLANAGAN
United States District Judge