IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3066-FL

| | | |
|---|---|---|
| ABDU-SALIM GOULD | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE COUNTY, BERTIE MARTIN | ) | |
| REGIONAL JAIL, BERTIE-MARTIN | ) | |
| BOARD OF COMMISSIONERS, BERTIE | ) | |
| COUNTY SHERIFF DEPARTMENT, and | ) | |
| SOUTHERN HEALTH PARTNERS | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court upon plaintiff's unopposed post-judgment motion to appoint counsel (DE 34), motion for recusal (DE 39), and pleading captioned "Fed. R. Civ. Pro. Rule 46; 12 Objecting to a Rule or Order etc.  Local R. Civ. P. Rule 33.1 Forms of Interrogation Responses and Objections," (DE 31), which the court construes as a motion to alter or amend this court's January 13, 2015, judgment pursuant to Federal Rule of Civil Procedure 59(e).  See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).   In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

For ease of reference, the background portion of the court's January 13, 2015, order is as follows:

> On March 3, 2014, plaintiff, a pretrial detainee, filed this action
> pursuant to 42 U.S.C. § 1983 against defendants Bertie County and
> Bertie County Regional Jail.  Plaintiff subsequently filed three

motions to amend his complaint, a motion for equitable tolling, and various other miscellaneous filings. On August 5, 2014, the court entered an order granting plaintiff's first motion, and conducted a frivolity review of plaintiff's original complaint and first amended complaint. As part of its frivolity review, the court dismissed as frivolous the Bertie Martin Regional Jail as a defendant, and notified plaintiff that his filings violated Federal Rule of Civil Procedure 8. Consequently, the court provided plaintiff the opportunity to file one amended complaint, and denied as moot plaintiff's remaining motions to amend, as well as plaintiff's motion for equitable tolling.

In response to the court's August 5, 2014, order, plaintiff filed two amended complaints. On September 18, 2014, the court entered an order notifying plaintiff that he failed to comply with the court's August 5, 2014, order's direction that he file one amended complaint. As a result, the court allowed plaintiff an additional opportunity to comply with the court's September 18, 2014, order by filing one amended complaint.

On September 24, 2014, plaintiff filed one amended complaint pursuant to 42 U.S.C. § 1983, naming Bertie County, the Bertie Martin Regional Jail, the Bertie County Sheriff's Department, Southern Health Partners, and representatives of the Bertie County Board of Commissioners as defendants.

On January 13, 2015, the court conducted a frivolity review of plaintiff's September 24, 2014, amended pleading pursuant to 28 U.S.C. § 1915(e)(2)(B). In its order, the court dismissed plaintiff's claims that an unidentified district court judge violated his rights pursuant to the First Amendment to the United States Constitution and that defendants acted with deliberate indifference to plaintiff's serious medical needs in violation of the Fourteenth Amendment to the United States Constitution. The court also dismissed plaintiff's challenge to his then pending North Carolina State criminal proceedings. Finally, the court dismissed the remainder of plaintiff's conclusory allegations for lack of factual support. The dismissal of plaintiff's action was without prejudice.

On January 15, 2015, plaintiff filed a pleading captioned "Memorandum" and on January 28, 2015, he filed a pleading captioned "Fed. R. Civ. Pro. Rule 46; 12 Objecting to a Rule or Order

2

etc. Local R. Civ. P. Rule 33.1 Forms of Interrogation Responses and Objections." Also on January

28, 2015, plaintiff filed a notice of appeal.

On January 29, 2015, plaintiff filed a motion to appoint counsel. Finally, on February 11,

2015, plaintiff filed a motion for recusal.

**DISCUSSION**

A.     Motion to Appoint Counsel

Plaintiff filed a motion requesting the court to appoint counsel to assist him with litigating

this action. As stated, plaintiff filed a notice of appeal. A notice of appeal divests a district court's

jurisdiction over a matter, while conferring jurisdiction on the court of appeals. Griggs v. Provident

Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (per curiam) ("The filing of a notice of appeal

is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests

the district court of its control over those aspects of the case involved in the appeal."). Because this

court no longer has jurisdiction over plaintiff's action, his motion to appoint counsel is DENIED.[1]

---

[1] Plaintiff also stated the following in his motion: "83.7:  Appointment of Counsel Fed. R. Civ. Pro. Physical [and] Mental Examinations." To the extent plaintiff requests that the court order a physical or mental examination pursuant to Federal Rule of Civil Procedure 35, the court lacks jurisdiction to entertain such motion. See Griggs, 459 U.S. at 58-59.

B.    Motion for Recusal

Plaintiff requests that the undersigned recuse herself from this case pursuant to 28 U.S.C. § 455(a). Title 28 U.S.C. § 455(a) requires that a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978). Here, plaintiff makes blanket claims of bias and prejudice. Plaintiff also complains about the rulings the court has made in both the instant action and two additional cases he filed in this court, Gould v. Summey, No. 2:14-cv-75-FL (E.D.N.C., dismissed on Jan. 30, 2015), and Gould v. Minister Louis Farrakhan, No. 5:15-CV-00002-FL (E.D.N.C. 2015). Although plaintiff has expressed dissatisfaction with rulings made by this court, plaintiff has presented no reasonable factual basis for doubting the undersigned's impartiality. Therefore, plaintiff's motion for recusal is DENIED.[2]

C.    Rule 59(e) Motion

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong

---

[2] This motion alternatively is denied on for lack of jurisdiction. See Griggs, 459 U.S. at 58-59.

4

v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not

"intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor,

444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to amend or

alter its judgment, plaintiff must demonstrate that a recent change in the law, newly discovered

evidence, or a clear error by this court merits such a change.

Plaintiff, in his Rule 59(e) motion, sets forth a rambling litany of allegations which are not

directed at any particular defendant and are not sufficiently supported by facts.[3] "To state a claim

under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l

Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the

personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc.

Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Plaintiff

failed to meet this standard both in his September 24, 2014, amended complaint and his voluminous

and rambling post-judgment filings. Based upon the foregoing, plaintiff fails to demonstrate an

intervening change in controlling law, to present new evidence previously not available, or to show

a clear error of law that would support granting his Rule 59(e) motion. Accordingly, plaintiff's Rule

59(e) motion is DENIED.

The court reminds plaintiff that its dismissal of the instant action was without prejudice.

Accordingly, plaintiff is free to bring a new action pursuant to 42 U.S.C. § 1983 alleging the same

claims. Plaintiff, however, is cautioned that any new action must comply with Federal Rule of Civil

---

[3] The court notes that some of plaintiff's factual allegations pertain to events that occurred subsequent to the date plaintiff filed this action on March 3, 2014.

Procedure 8 and must simply state the injury stemming from the alleged constitutional violation and the alleged facts to support his claim. Any new complaint must also sufficiently allege the personal involvement of any named defendants. See Iqbal, 556 U.S. at 676.

## CONCLUSION

In summary, plaintiff's plaintiff's motion pursuant to Rule 59(e) (DE 31), motion to appoint counsel (DE 34), and motion for recusal (DE 39) are DENIED. The Clerk of Court is DIRECTED to send plaintiff the civil rights package. Finally, given the fact that the court dismissed the instant action without prejudice, the court vacates the portion of its March 7, 2014, order directing that monthly payments be made from plaintiff's trust fund account, and the Clerk is DIRECTED to refund any portions of the filing fee paid by plaintiff.

SO ORDERED, this the 26th day of February, 2015.

        LOUISE W. FLANAGAN
        United States District Judge

6